```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 17 2010 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

WAYNE SOUTH,

        Defendant.

[08-CR-681]

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**APPEARANCES:**

For the Government:   Loretta A. Lynch
                            United States Attorney
                            BY:    Daniel Silver
                            Assistant United States Attorney
                            271 Cadman Plaza East
                            Brooklyn, New York

For Defendant:   Susan G. Kellman
                          25 Eighth Avenue
                          Brooklyn, New York, 11217

## JACK B. WEINSTEIN, Senior United States District Judge:

I. Introduction ............................................................................................................................ 2
II. Law Requiring Statement on Sentencing ............................................................................. 2
III. Facts ..................................................................................................................................... 3
   a. Charged Offense ............................................................................................................. 3
   b. Pleading .......................................................................................................................... 4
   c. Sentencing ...................................................................................................................... 5
IV. Application of Facts to Law ................................................................................................ 6
V. Conclusion ............................................................................................................................ 8

## I. Introduction

This is an unusual case. The defendant pleaded guilty to assisting in a conspiracy involving sufficient amounts of crack cocaine to warrant a mandatory minimum sentence of five years. As indicated below, defendant's admission was rejected after a hearing. His plea bargaining position was inherently coercive -- though there was no coercion by the United States attorney. The proof by a preponderance demonstrated that the conspiracy for which he should be sentenced involved less than the amount required for application of the minimum sentence.

## II. Law Requiring Statement on Sentencing

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

### III. Facts

On February 20, 2009, Wayne South pleaded guilty to count one of a four-count indictment. It charged that between April 16, 2008 and June 11, 2008 the defendant conspired to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). South entered into a written agreement with respect to his guilty plea on the same date. *See* Plea Agreement. The lesser included offense within count one carries a maximum term of imprisonment of forty years and a minimum term of five years; a maximum term of lifetime supervised release and a minimum term of four years. *See* 21 U.S.C. 841(b)(1)(B)(iii).

#### a. *Charged Offense*

The Presentence Report stated that between April 16, 2008 and June 11, 2008 South drove his then-girlfriend Jessica Heyliger, a Bloods gang member, to three drug deals, which were arranged by Corey James, a leader of the Bloods. Presentence Report ("PSR") at p. 3. On April 16, 2008, South drove Heyliger to a meeting with the confidential informant in Queens, New York. There Heyliger gave the confidential informant fifty grams of powder cocaine for which she received $1680. *Id.* South "did not communicate with the confidential informant." *Id.*

3

On May 2, 2008, South drove Heyliger to a second meeting with the confidential informant. She gave the informant fifty-six grams of crack cocaine in exchange for $1800. South "did not communicate with the confidential informant." His role, as in the first instance, was limited to driving. *Id.* at p. 4.

On June 11, 2008 South accompanied Heyliger to a third meeting with the confidential informant. She provided the informant with sixty-two grams of crack cocaine in exchange for $2000. South "did not communicate with the confidential informant" during this meeting. *Id.* For his involvement as driver, South was offered twenty dollars for gasoline. *Id.* It was never paid to him. Transcript of Sentencing ("Tr. Sent'g") at p. 30.

Probation determined that defendant's total offense level was 23. This was computed on the basis of a total single conspiracy for possession and sale of fifty grams of powder cocaine and one hundred and eighteen grams of crack cocaine. His criminal history category was category III. The calculation included a two level mitigating role adjustment, a four-point deduction for South's minimal role in the offense, and a three-point deduction for acceptance of responsibility. PSR at p. 6-7.

b. *Pleading*

At his pleading South testified that "[i]n the Spring of 2008, in Queens, New York, [he] agreed to drive others to a place where they could purchase cocaine base for the purpose of distribution." Transcript of Pleading ("Tr. Plead'g") at p. 29. In exchange for his guilty plea, the government agreed that "no further criminal charges will be brought against the defendant for conspiring to distribute or distributing cocaine and cocaine base between April 16, 2008 and June 11, 2008 . . . and at the time of the sentence, it will move to dismiss the remaining counts of

the indictment." Plea Agreement at p. 4. The government agreed to "take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and make no motion for an upward departure." *Id.* South stated: "I heard I can't get no less than five years even if it goes under the guidelines . . . because [of] the mandatory minimum . . . That's why I say *I just want to get it over with.*" Tr. Plead'g at p. 27 (emphasis added).

### c. *Sentencing*

South was sentenced on September 7, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal). A full evidentiary hearing was provided. Defendant and his family testified. No witness testified for the government.

The Presentence Report described South's childhood as "teeming with physical abuse." PSR at p. 10. He was the product of a rape perpetrated by his father upon his mother. *Id.* As a young child, defendant moved between his mother's and father's homes. When at his father's home, he was regularly beaten with utility belts, extension cords, horse whips, and brooms, and suffered other abuse. *Id.* "The father held the defendant's head in sewage-filled commodes, and kept him locked in dark rooms for hours." *Id.*

South suffers from epilepsy; he takes medication to curb seizures. *Id.* at 13. He has a history of depression and is medicated to treat high blood pressure and hypertension. *Id.* at 14. Being beaten over the head repeatedly with baseball bats, bottles, and other objects, he has suffered numerous head injuries. PSR at p. 12.

South attended Tilden High School in Brooklyn from 1995 to 1997. After being the victim of a gang attack, the school expelled him "for his safety." *Id.* at 15. He then enrolled in Prospect Heights High School but did not complete the eleventh grade. At sentencing South stated that he is trying to take the General Educational Development (GED) test. Tr. Sent'g at p. 16.

In addition to being beaten by his father, South testified that he had repeatedly been hit over the head in attempts to force him into a gang. Tr. Sent'g at p. 17-18. He has resisted attempts to forcibly enter the gang known as the Bloods, because joining would have resulted in his being forced had he acceded to participate in major drug conspiracies and sales. *Id.* South's attorney explained that he suffers for other chronic health ailments, including rectal bleeding which was exacerbated by the conditions at Metropolitan Detention Center. *Id.* at p. 23-24.

South has one daughter, Jahkaya Thompson, with his former girlfriend Jessica Heyliger. She is almost seven years old. PSR at p. 11; Tr. Sent'g at p. 20. He expressed a genuine desire to assist in his daughter's upbringing, and hopes to obtain joint custody. *Id.* at p. 21. He testified that his daughter is "his main obligation right now" and that he was providing for her and his former girlfriend through public assistance funds. *Id.* at p. 21, 25, 28. He plans to contribute to the cost of his daughter's upbringing by providing money to the child's maternal grandmother who is currently raising the child. *Id.* South's grandmother, Maxine Thompson testified on behalf of her grandson, confirming his testimony. *Id.* at p. 12, 28-29.

## IV.  Application of Facts to Law

The defendant was, at most, guilty of conspiring to help deliver fifty grams of powder cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). He was aware that on occasion his girlfriend sold some drugs, but he did not join the major overall conspiracy to which he has pleaded. His

6

admissions at the time of his plea were made to avoid a trial and higher sentencing guidelines. The record demonstrated that the conspiracy for which he should be sentenced involved less than the amount required for application of the minimum sentence.

The total offense level, found after an evidentiary hearing is based on fifty grams of powder cocaine. *See* United States Sentencing Guidelines § 2D1.1(12). Defendant's criminal history category is category III. The guidelines range of imprisonment is between ten and sixteen months. The calculation of the total offense level includes a four-point deduction for South's minimal role in the offense, and a two-point deduction for acceptance of responsibility. The guidelines range of fine is from $2,000 to $20,000.

South was sentenced to sixteen months' incarceration with credit for time served and five years' supervised release. He has already served more than that term. A $100 special assessment was assessed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the foreseeable future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The "nature and circumstances of the offense and the history and characteristics of the defendant" were considered. *See* 18 U.S.C. § 3553(a)(1). Though a conspiracy to distribute cocaine is a serious offense, defendant's participation in the crime was severely limited. His only role was driving his girlfriend to some drug transactions in response to her importuning. He received no monetary payout for these services.

South has had a difficult life, suffered physical abuse at the hands of his father and from individuals who tried to force him into a gang, and has numerous ailments. His health problems, including rectal bleeding and seizures, would make serving a long prison sentence very difficult. *See* Part III *supra*.

As noted above, the defendant has a genuine desire to assist in raising his daughter. He plans to contribute to the cost of her care. *See* Part III *supra*. A sentence of sixteen months, the maximum under the guidelines, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two overriding considerations in this case: specific and general deterrence. General deterrence is satisfied by the substantial sentence imposed. It will send a clear message that any involvement in conspiracy to distribute cocaine will result in a serious prison sentence. Specific deterrence is achieved through incapacitation and supervised release. It is unlikely that he will engage in further criminal activity in light of his obligations to his young daughter, his own educational plans, and his poor health conditions.

## V.     Conclusion

Defendant is sentenced to sixteen months in prison with credit for time served, five years' supervised release, and a $100 special assessment fee, with no fine.

The government requested a stay of entry of the judgment. It was granted. On September 8, 2010, the government notified the court by letter that it consented to lifting the stay because it did not intend to appeal.

*[signature]*
Jack B. Weinstein
Senior United States District Judge

Dated: September 14, 2010
      Brooklyn, New York

9